UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

WILLIAM ROSE,

    Petitioner,

    v.     CAUSE NO.: 3:18-CV-032-JD-MGG

WARDEN,

    Respondent.

OPINION AND ORDER

William Rose, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (ISP 17-6-171) at the Indiana State Prison in which a disciplinary hearing officer (DHO) found him guilty of possession of a weapon in violation of Indiana Department of Correction Offense A-106. Following a disciplinary hearing, Rose was sanctioned with a demotion in credit class.

Rose argues that he is entitled to habeas relief because the hearing officer lacked sufficient evidence of his guilt. He states that no weapon was taken from his person or his cell, that Sergeant A. Lee provided false testimony, and that the internal affairs unit did not interview him.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

The administrative record included reports from two correctional officers, Sergeant A. Lee and Officer Brown, stating that they saw Rose give a sharp metal object to another inmate and then ran into a cell that was not assigned to him to hide from pursuing correctional staff. Correctional staff was able to recover the sharp metal object and took photographs, which were also included in the administrative record. As a result, despite the deficiencies noted by Rose and even assuming that Sergeant A. Lee's account was false, the administrative record included some evidence that Rose was guilty of possessing a deadly weapon. Therefore, the claim that the hearing officer lacked sufficient evidence for a finding of guilty is not a basis for habeas relief.

Rose also argues that he is entitled to habeas relief because correctional staff did not allow him to personally observe the evidence of his guilt, including photographs and the evidence given to the internal affairs unit. However, while the right to procedural due process entitles prisoners to present relevant evidence to the hearing officer, it does not entitle them to personally observe the evidence. *Outlaw v. Anderson*, 29 F. App'x 372, 374 (7th Cir. 2002). Moreover, based on the court's review, none of the allegedly undisclosed evidence, including the photographs, is exculpatory. *See Piggie v. Cotton*, 344 F.3d 674, 678 (7th Cir. 2003) ("[A]n inmate is entitled to disclosure of material, exculpatory evidence in prison disciplinary hearings unless such disclosure would unduly threaten institutional concerns."). Additionally, Rose concedes that the hearing officer showed him photographs of the sharp metal object at the disciplinary hearing (ECF 8 at 3), and the court has already determined that disclosing the internal

incident reports would pose a threat to institutional security (ECF 20). Therefore, the claim that correctional staff did not allow him to personally observe the evidence of his guilt is not a basis for habeas relief

Finally, Rose argues that he is entitled to habeas relief because the hearing officer was not an impartial decisionmaker. He states that the hearing officer was not impartial because he considered false evidence. In the prison disciplinary context, adjudicators are "entitled to a presumption of honesty and integrity," and "the constitutional standard for improper bias is high." *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003). Due process prohibits a prison official who was personally and substantially involved in the underlying incident from acting as a decision-maker in the case. *Id.* However, due process is not violated simply because the hearing officer knew the inmate, presided over a prior disciplinary case, or had some limited involvement in the event underlying the charge. *Id.* Even assuming that the hearing officer considered false evidence, it would not raise concerns with the hearing officer's impartiality, particularly where there is no suggestion that the hearing officer was aware that the evidence was false. Moreover, there is no indication that the hearing officer was involved with the underlying charge, that he had a personal interest in the result of the hearing, or that he based his decision on anything other than the administrative record. As a result, the claim that the hearing officer was not an impartial decisionmaker is not a basis for habeas relief.

Because it is clear from the petition and attached exhibits that Rose is not entitled to habeas relief, the petition is denied. If Rose wants to appeal this decision, he

does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the petition pursuant to Section 2254 Habeas Corpus Rule 4;

(2) DIRECTS the clerk to enter judgment and to close this case; and

(3) DENIES William Rose leave to proceed in forma pauperis on appeal.

SO ORDERED on April 2, 2019

                                                       /s/ JON E. DEGUILIO
                                                JUDGE
                                                UNITED STATES DISTRICT COURT